UNITED STATES of America, Plaintiff–Appellee,

v.

Edward CHAMBERS, Defendant–Appellant.

No. 98–5531.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 17, 1999.

Decided Oct. 20, 1999.

Frederick A. Stine, V, Asst. U.S. Attorney (argued and briefed), Office of U.S. Attorney, Covington, KY, for Plaintiff–Appellee.

H. Louis Sirkin (argued and briefed), Laura A. Abrams (briefed), Sirkin, Pinales, Mezibov & Schwartz, Cincinnati, OH, for Defendant–Appellant.

Before: WELLFORD, SUHRHEINRICH, and COLE, Circuit Judges.

COLE, Circuit Judge.

A jury convicted Defendant–Appellant Edward Chambers of forcibly assaulting a federal employee, in violation of 18 U.S.C. § 111; being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On appeal, Chambers argues that there was insufficient evidence to support his convictions for violating § 111 and § 924(c), and that the district court clearly erred by failing to reduce his sentence for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. For the reasons that follow, we **AFFIRM** Chambers's conviction and sentence.

## I.

In 1997, the FBI conducted a large-scale drug investigation in Northern Kentucky.

As a part of this investigation, the FBI secured the services of several confidential informants. One of these confidential informants, Gerry Bagg, informed FBI agents that an individual unknown to him was to come by Bagg's house to collect drug money on October 27, 1997. In response, the agents set up surveillance at Bagg's house.

The unknown individual, Chambers, arrived at Bagg's house at the appointed time, stating that "Armando" had sent him to collect the drug debt. Bagg told Chambers that he had only $20,000, to which Chambers replied, "that would be fine," although Chambers stated that Bagg owed approximately $50,000. Bagg went into the kitchen to retrieve the package containing $20,000 that had been supplied by the FBI, and handed the package to Chambers. At that point, four FBI agents stormed the room with weapons drawn yelling, "FBI, FBI, get down, get down!"

At this point, Chambers attempted to place his hand in his right front coat pocket. The agents believed that Chambers was reaching for a gun and, in response, tackled Chambers and found a loaded .380 caliber Bersa semi-automatic pistol in his right front coat pocket. Chambers acknowledged that he put his hand in his pocket when the agents entered the room, but claimed that he never attempted to remove the gun from his pocket. According to Chambers, he was tackled before he had a chance to get down as instructed, and he immediately told the agents, "my right front pocket," letting them know about the gun.

A federal grand jury indicted Chambers on three counts: assaulting a federal officer, in violation of 18 U.S.C. § 111 (count one); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count two); and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count three). Chambers pleaded not guilty, and a jury trial ensued. At trial, Chambers stipulated to count two of the indictment,

admitting that he was a felon in possession of a firearm. At the close of the government's case, Chambers moved for judgment of acquittal pursuant to Fed. R.Crim.P. 29 on counts one and three, claiming that there was insufficient evidence to support convictions on those counts. The district court denied the motion, and the jury convicted Chambers on all counts.

At sentencing, Chambers objected to the district court's failure to reduce his sentence for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Chambers argued that he stipulated to the felon-in-possession count and was therefore entitled to the reduction. The district court disagreed, stating that "[h]e never admitted, and still doesn't, to assaulting a federal officer." The district court sentenced Chambers to twenty-one months' imprisonment on count one along with a concurrent twenty-one months on count two, and sixty months consecutive on count three, for a total of eighty-one months' imprisonment. This timely appeal followed.

## II.

### A. JUDGMENT OF ACQUITTAL

We review a district court's denial of a motion for judgment of acquittal de novo. See *United States v. Keeton*, 101 F.3d 48, 52 (6th Cir.1996). The inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

#### 1. Assault of a Federal Officer

Title 18 U.S.C. § 111 provides in part:

(a) **In general.**—Whoever—

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of

this title while engaged in or on account of the performance of official duties ... (b) **Enhanced penalty.**—Whoever, in the commission of any acts described in subsection (a) uses a deadly or dangerous weapon ... or inflicts bodily injury, shall be fined under this title or imprisoned not more than ten years, or both.

The element of force necessary for a conviction under this statute may be shown by "such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death." *United States v. Street*, 66 F.3d 969, 977 (8th Cir.1995) (quotations and citations omitted). Thus, proof of actual physical contact is not required to violate § 111. See *United States v. Faymore*, 736 F.2d 328, 335 (6th Cir.1984).

Chambers contends that he never drew his weapon or attempted to draw his weapon and, therefore, never committed an assault. Chambers also argues that he did not display "force" in any manner, as is necessary to violate the statute. In support of his argument, Chambers asserts that the testimony of the agents was inconsistent and inconclusive. In addition, Chambers points to the district court's statement at sentencing that "[i]t seems unusual that somebody would try to draw [a weapon] when faced with four federal agents, one of them with a shotgun, but, you know, you had a jury." Chambers's arguments lack merit.

At trial, Agent Wall was asked, "When [Chambers's] hand went into that pocket, what were you thinking?" Wall responded, "I was thinking that he was getting ready to pull a gun out. I didn't see the gun, but based on prior experience I knew that he had a gun in his pocket and was going for it." On cross-examination, Wall stated that "[Chambers's] actions were that he had a gun." Wall also stated that "[Chambers] was probably startled, and then he went for a gun." In addition, Agent Lay testified that when Chambers had his hand in his pocket, "I still had my focus on [Chambers's] right hand and right pocket. That was perceived as a threat to me, and that's where I was focusing my attention." Finally, Agent Ellison testified that "[Chambers] was fumbling inside the pocket."

Based on the testimony of the agents, it was reasonable for the jury to conclude that Chambers's act of placing his hand in his pocket (that contained a semi-automatic pistol) was a forcible assault or "a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death." The district court did not err by denying Chambers's motion for judgment of acquittal.

## 2. Carrying a Firearm in Relation to a Crime of Violence

Section 924(c) punishes any individual who use or carries a firearm in relation to a crime of violence. Chambers argues that if this court overturns his conviction for violating § 111, it must necessarily overturn his conviction for violating § 924(c) because there would be no crime of violence as is necessary for a § 924(c) conviction. Because we have concluded that Chambers's § 111 conviction is valid, however, there is no reason to overturn Chambers's § 924(c) conviction. Moreover, the evidence clearly established that Chambers was carrying a firearm as the indictment charged. Accordingly, there is no independent argument for reversing the district court's denial of Chambers's motion for judgment of acquittal on his § 924(c) conviction.

## B. ACCEPTANCE OF RESPONSIBILITY

Chambers argues that the district court clearly erred by denying his request for a sentence reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Chambers contends that he was entitled to the reduction because he stipulated to the felon-in-possession conviction, a factor the district court failed to consider at sentencing. Chambers further argues

that his exercise of his right to a trial on the assault count should not preclude a sentence reduction for acceptance of responsibility.

 "The determination of whether a defendant has accepted responsibility is a factual question which should be accorded great deference and should not be disturbed unless clearly erroneous." *United States v. Surratt,* 87 F.3d 814, 821 (6th Cir.1996) (citing, inter alia, U.S.S.G. § 3E1.1, comment. (n.5) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.")). The Sentencing Guidelines provide that a defendant is entitled to a two-level reduction in sentence "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The defendant bears the burden of showing by a preponderance of the evidence that the reduction is justified. See *United States v. Williams,* 940 F.2d 176, 181 (6th Cir.1991). A defendant who pleads guilty is not entitled to a reduction as a matter of right. See *United States v. Mahaffey,* 53 F.3d 128, 134 (6th Cir.1995).

After Chambers argued at sentencing that he was entitled to a reduction in sentence for acceptance of responsibility, the following colloquy took place:

THE COURT: Do you agree with that Mr. Stine?

[PROSECUTOR]: No, Your Honor, I don't. On page 5 of the PSR, Your Honor, the assault and the felon in possession—well, felon in possession subsumes the—is subsumed by the assault count. On that, he never accepted . . . responsibility. So even if he were entitled to acceptance of responsibility on the felon-in-possession count, he's not entitled to it on the assault count, Your Honor. And since the felon in possession is subsumed by the assault count, I think that answers the question.

THE COURT: Well, the jury found him guilty of assaulting a federal officer. He never admitted, and still doesn't, to assaulting a federal officer.

[DEFENSE COUNSEL]: I don't— and I don't think he did, quite honestly.

THE COURT: Well, that's your privilege.

. . .

THE COURT: You know, I don't know what I might have done [as a juror]. It seems unusual that somebody would try to draw when faced with four federal agents, one of them with a shotgun, but, you know, you had a jury. You didn't have me, so I think he did not accept the responsibility for what the jury convicted him of so I don't think he's entitled to those two levels.

The foregoing exchange evidences a bit of confusion; nonetheless, it appears that the district court did in fact consider Chambers's argument that he was entitled to acceptance of responsibility because he admitted to the felon-in-possession count, but rejected that argument. We do so as well.

The issue presented is whether a reduction in sentence for acceptance of responsibility should be applied after multiple counts are combined, such that responsibility must be accepted for all counts to warrant a reduction, or, applied individually to each count. Although this court has not directly answered this question, other circuits have held that in the case of multiple counts of conviction, the counts must be grouped pursuant to Chapter 3, Part D, of the Guidelines before determining whether an adjustment for acceptance of responsibility should be applied to the combined offense level. See, e.g., *United States v. Ginn,* 87 F.3d 367, 370–71 (9th Cir.1996); *United States v. Kleinebreil,* 966 F.2d 945, 953 (5th Cir.1992); *United States v. McDowell,* 888 F.2d 285, 293 (3d Cir.1989). These courts have concluded that a defendant must accept responsibility for all counts before he is entitled to a reduction in sentence for acceptance of responsibility. This conclusion is directly supported by the Sentencing Guidelines, as U.S.S.G. § 1B1.1 directs courts to group

convictions prior to applying an adjustment for acceptance of responsibility.

In the present case, the record indicates that Chambers never admitted reaching for his gun, the behavior constituting the assault conviction. Chambers's admission to being a felon in possession of a handgun does not negate his continued denial of guilt for one of the offenses of conviction: assaulting a federal officer. Accordingly, the district court did not clearly err by denying Chambers's request for a reduction in sentence for acceptance of responsibility.

### III.

For the foregoing reasons, we **AFFIRM** Chambers's conviction and sentence.