**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Douglas A. TURNS, Defendant–**
**Appellant.**

No. 00–3878.

United States Court of Appeals,
Sixth Circuit.

Aug. 22, 2001.

Before KRUPANSKY,
SUHRHEINRICH, and SILER, Circuit
Judges.

*ORDER*

Douglas A. Turns, a federal prisoner, appeals his judgment of conviction for knowingly possessing and transferring a machine gun in violation of 18 U.S.C. §§ 922(*o*)(1) and 924(a)(2). The parties have waived oral argument and this panel agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Turns was indicted in January 1998 on the one count described above. On April 23, 1998, a jury found him guilty as charged following a 2½-day trial. Turns filed a motion for a new trial, based upon

newly-discovered evidence, consisting of the affidavits and present willingness to testify of Turns's sister, who now wished to provide exculpatory evidence for her brother. A hearing was held on September 15, 1998, and the district court granted Turns's motion for a new trial. Upon the government's appeal, a panel of this court reversed the district court's order after finding that the proffered evidence was merely newly *available,* not newly discovered, and was insufficient grounds for a new trial. *See United States v. Turns,* 198 F.3d 584 (6th Cir.2000). Consequently, this court reinstated Turns's conviction and remanded the case for sentencing. The district court sentenced Turns on June 23, 2000, to 27 months in prison, followed by two years of supervised release. The district court's judgment was entered on June 27, 2000.

On appeal, Turns argues that the district court erred by: (1) denying his motion for a judgment of acquittal; and (2) denying his renewed motion for a new trial based upon newly discovered evidence.

This court reviews *de novo* a district court's denial of a motion for judgment of acquittal to determine the sufficiency of the evidence. *United States v. Hartsel,* 199 F.3d 812, 815 (6th Cir.1999), *cert. denied,* 529 U.S. 1070, 120 S.Ct. 1679, 146 L.Ed.2d 487 (2000); *United States v. Chambers,* 195 F.3d 274, 276 (6th Cir. 1999). Thus, "[t]he inquiry is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Chambers,* 195 F.3d at 276 (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Turns does not dispute that he was in possession of the weapon in question, that he transferred it to a pawn shop, and that the weapon had the characteristics of a machine gun as defined by statute; the only real issue for the jury was whether Turns knew that the rifle was fully automatic—i.e., a machine gun—on the day he sold it to the pawn shop. This court summarized the relevant evidence in our decision regarding Turns's motion for a new trial:

Although Turns claimed that he was unaware of the M–16's automatic capabilities, five witnesses testified for the government and directly contradicted Turns's testimony regarding ownership of the firearm and his knowledge that it was a machine gun. Two were law enforcement officers who testified that Turns's statements during their separate conversations with him revealed his knowledge that the rifle in question was fully automatic. The clerk at the pawn shop where Turns sold the fully automatic rifle also related that "he [Turns] told me that the gun was fully automatic ... [and] he had test fired it." In addition, one of Turns's friends testified that Turns had shown him the fully automatic rifle and had explained how the weapon functioned, which Turns referred to as a "machine gun." Finally, Rogers took the stand to say that Turns had shown him how to operate the selector switch on the rifle, which enabled the rifle to be fired in fully automatic mode. Even Turns's own sworn affidavit, tendered in 1995, states that he recognized that the weapon in question was an M–16. This is significant because his former military training had taught him that the M–16 is fully automatic. In addition to its direct evidence, the government also impeached Turns by noting numerous inconsistencies between Turns's pretrial statements and his testimony at trial. The jury found the government's evi-

dence convincing and convicted Turns on April 23, 1998.

*Turns,* 198 F.3d at 585–86.

 This court has previously considered a defendant's military experience with M–16 rifles to be significant in concluding that the evidence was sufficient for a jury to find that the defendant knew that a particular weapon was fully automatic. *See United States v. Morgan,* 216 F.3d 557, 567–68 (6th Cir.2000), *cert. denied,* 531 U.S. 1154, 121 S.Ct. 1102, 148 L.Ed.2d 973 (2001). Furthermore, the testimony of five witnesses that Turns had actual knowledge that the rifle was fully automatic before transferring it to the pawn shop is more than sufficient to support Turns's conviction. The jury chose to believe those witnesses over the testimony of Turns and this court "must respect the jury's role in weighing credibility issues." *United States v. Miller,* 161 F.3d 977, 985 (6th Cir.1998). Turns's first issue on appeal is without merit.

Turns also appeals the district court's denial of his renewed motion for a new trial. The district court denied this motion, which was based upon the identical "newly discovered evidence" upon which Turns's original motion was based, on the ground that this court had already rejected that very evidence as insufficient to warrant a new trial. *See Turns,* 198 F.3d at 588. It is well-settled that one panel cannot overrule the decision of another panel unless an inconsistent decision of the Supreme Court requires a modification of the decision or this court sitting *en banc* overrules the prior decision. *United States v. Ables,* 167 F.3d 1021, 1027 (6th Cir.), *cert. denied,* 527 U.S. 1027, 119 S.Ct. 2378, 144 L.Ed.2d 781 (1999). Neither circumstance is present in this case.

Accordingly, the district court's judgment, entered on June 27, 2000, is affirmed.