**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Blanca VEGA, Defendant–Appellant.**

No. 01–5095.

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

In 1999, a federal jury convicted Blanca Vega of several drug-related charges. She was allowed to remain free on bond, but failed to appear at her sentencing hearing. Vega subsequently pleaded guilty to the charge of failing to appear at this hearing, a violation of 18 U.S.C. § 3146(a)(1). On December 8, 2000, she was sentenced to twelve months of imprisonment on this charge, which was made consecutive to a sentence of seventy-eight months on her drug-related convictions. The district court also imposed a concurrent term of three years of supervised release. Vega now appeals her conviction and the sentence that she received for failing to appear. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The attorney who represented Vega on her failure-to-appear charge has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Vega has not filed a timely response to this motion.

The rearraignment transcript indicates that Vega's guilty plea was valid and that the district court substantially complied with the requirements of Fed.R.Crim.P. 11. The court determined that Vega was competent and that she understood her rights, the nature of the charges and the consequences of her plea. Vega acknowledged a factual basis for her plea and clearly indicated that the decision to plead guilty was voluntary. She was represented by counsel and has not made any attempt to withdraw her plea. Under these circumstances, we conclude that the current record does not reveal any viable claim regarding Vega's guilty plea.

The presentence report indicated that the offense level for Vega's failure to appear was 15 and that her total offense level was 28, when this offense was grouped with her drug-related convictions. This yielded a sentencing guideline range of 78–97 months. Vega filed only one objection to the presentence report regarding her current conviction, arguing that she was entitled to a reduction in her offense level for acceptance of responsibility. *See* USSG § 3E1.1. However, counsel subsequently withdrew this objection, and Vega did not raise any legal arguments at sentencing regarding her conviction for failing to appear. Thus, she has forfeited any sentencing claims that she might have in the absence of plain error that affects her substantial rights. *See United States v. Barajas-Nunez,* 91 F.3d 826, 830 (6th Cir. 1996).

No sentencing error is apparent from the present record. A reduction for acceptance of responsibility does not apply when multiple counts are combined unless responsibility is accepted for all of the counts. *See United States v. Chambers,* 195 F.3d 274, 278–79 (6th Cir.1999). Thus, the district court did not err by declining to reduce Vega's offense level under § 3E1.1, as her testimony at trial was not consistent with an acceptance of responsi-

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

bility regarding her drug-related charges. The twelve month sentence that Vega received for failing to appear was authorized by statute, and her total sentence fell near the middle of the applicable guideline range. Hence, it appears that any direct challenge to Vega's sentence would be unavailing.

We note that Vega's drug-related sentences are the subject of a separate appeal, and our opinion here is not intended as a ruling on any of the arguments that may be raised therein.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.