# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1230

_____

United States of America,             *
                                      *
              Appellee,                *
                                      *
      v.                               *
                                      *
Richard Don Smotherman,                *
                                      *
              Appellant.               *

Appeals from the United States
District Court for the
Western District of Missouri.

_____

No. 01-2092

_____

United States of America,             *
                                      *
              Appellee,                *
                                      *
      v.                               *
                                      *
Everett A. Burmingham,                 *
                                      *
              Appellant.               *

_____

Submitted:  March 12, 2002

Filed:  April 17, 2002

_____

Before McMILLIAN, HEANEY and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

HEANEY, Circuit Judge.

Richard Don Smotherman and Everett Burmingham pled guilty to manufacturing and distributing methamphetamine. Burmingham claims that the district court erred by 1) attributing more than 110 grams of methamphetamine to him at sentencing, and 2) sentencing him to a mandatory 60-month sentence for possession of a firearm. After careful review of Burmingham's sentence, we affirm. See 8th Cir. R. 47B. Smotherman appeals his sentence, alleging that the court incorrectly calculated the quantity of drugs attributable to him. He also contends the court improperly attached a three-level enhancement to his sentence for his role in the offense. We reverse and remand Smotherman's case for resentencing.

The district court's factual findings at sentencing are reviewed for clear error, and the district court's application and construction of the Sentencing Guidelines are reviewed de novo. United States v. Wells, 127 F.3d 739, 744 (8th Cir. 1997). At sentencing, the district court attributed one-fourth of a pound of methamphetamine per week to Smotherman, for the months August 1999 through December 1999. The court erroneously converted one-fourth of a pound to 260 grams, and incorrectly calculated the total amount of methamphetamine sold over the 20-week period to equal 4,520 grams. This is clear error. One-fourth of a pound equals 113 grams, resulting in a total of 2,260 grams sold over the 20 week period.

Next, Smotherman asserts that the court erred by attributing 3,183 grams to him based on his individual drug sales. The record shows that from October 1999 through November 1999, Smotherman sold half a gram, 1/4 of an ounce, and one ounce of

2

methamphetamine on separate occasions, totaling approximately 36 grams. Cut once, it amounts to 72 grams, and cut again, 144 grams, nowhere near the 3,183 grams the court calculated. Added to the additional 454 grams that Smotherman sold in January 2000, approximately 598 grams of the drug can be attributed to him based on these individual sales. Consequently, considering the 2,260 grams calculated above, the court should have attributed a total of 2,858 grams of methamphetamine, or 2.8 kilograms, to Smotherman, resulting in a base offense level of 34.

The district court clearly stated its intent to attribute a "conservative estimate of one-fourth pound" a week to Smotherman for 20 weeks, and to take into account multiple cuts of a series of "buys" that Smotherman made. We remand to the district court so that it may recalculate Smotherman's base offense level consistent with what we believe was its original intent.

With regard to the court's imposition of a three-level adjustment for Smotherman's role in the offense, we affirm pursuant to U.S.S.G. § 3B1.1(b). The facts before the district court provide a rational basis for finding that Smotherman played a managerial or supervisory role in the distribution of methamphetamine.

For the reasons cited above, we reverse and remand in part and affirm in part.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

3