# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1108

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Western District of Missouri.
Ivon E. Yates,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　　*

_____

Submitted: June 11, 2002

Filed:　September 26, 2002

_____

Before RILEY, BEAM and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

Ivon E. Yates (Yates) appeals his sentence for forcibly assaulting two federal officers in violation of 18 U.S.C. § 111 (2000) and for violating the terms of his supervised release. While attempting to arrest Yates on a supervised release violation warrant, two United States Marshals blocked Yates's truck with their vehicle. Yates accelerated toward the marshals, forcing the marshals to swerve to avoid being struck.

Yates pled guilty to an assault under § 111(a) and to supervised release violations. The district court[1] sentenced Yates to three years imprisonment, the statutory maximum under § 111(a). The district court also sentenced Yates to 18 months incarceration for violation of his supervised release conditions, to be served consecutively to the § 111(a) sentence.

On appeal, Yates presents three arguments: the district court erred by (1) finding more than a simple assault and imposing a sentence under § 111(a) greater than the one year maximum for a simple assault; (2) applying the aggravated assault guideline, U.S.S.G. § 2A2.2(b)(2)(B), resulting in a four level increase and an impermissible double-counting; and (3) sentencing Yates for supervised release violations under U.S.S.G. § 7B1.1, p.s.,[2] based on an underlying aggravated assault offense rather than a simple offense. During oral argument on appeal, Yates withdrew his second contention that the section 2A2.2(b)(2)(B) enhancement was a double-counting.[3] On the two remaining issues, the district court did not err and we affirm.

---

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2] U.S.S.G. § 7B1.1 is a policy statement. "Policy statements are binding only if they interpret a guideline or prohibit district courts from taking a specified action." United States v. Goings, 200 F.3d 539, 543 (8th Cir. 2000) (citing Stinson v. United States, 508 U.S. 36, 42 (1993)).

[3] "Along with most circuits that have considered the issue in the same context, we conclude the enhancement under U.S.S.G. § 2A2.2(b)(2)(B) is not impermissible double-counting." United States v. Dunnaway, 88 F.3d 617, 619 (8th Cir. 1996).

## I.    BACKGROUND

In October 2000, Yates violated certain terms of supervised release contained in his conviction for distributing cocaine.  In November 2000, the court issued a supervised release violator warrant.

On May 10, 2001, acting on a tip, two marshals observed Yates driving a pickup truck near a school in Platte County, Missouri.  The marshals approached Yates's truck, identified themselves and ordered Yates to stop.  When Yates did not comply, the marshals positioned their vehicle in front of Yates's truck.  Rather than yield, Yates accelerated toward the front passenger quarter panel of the marshals' vehicle.  The marshals veered out of the path of Yates's truck.  A chase ensued through the school parking lot, a playground, and some grass covered areas.  Yates ultimately drove into a ravine and evaded arrest when the marshals' vehicle became lodged in the ravine.  On May 17, 2001, officers arrested Yates without incident in Ellington, Missouri.

Pursuant to a verbal plea agreement, Yates pled guilty to the following charge:

> That on or about May 10, 2001, in the Western District of Missouri, IVON E. YATES, defendant herein, did voluntarily and intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with Joe Davis, United States Deputy Marshal; and Chad Obersteadt, Task Force Officer deputized with the United States Marshal Service; while [they] were engaged in the performance of their official duties, in violation of Title 18, United States Code, Section 111(a).

The district court overruled Yates's objections to the presentence report (PSR) and imposed a sentence of 36 months.  Additionally, the district court imposed a consecutive sentence of 18 months based upon Yates's violations of certain terms of his supervised release by engaging in the conduct described here, as well as other conduct not relevant to this appeal.

## II. DISCUSSION

We review the district court's interpretation and application of the sentencing guidelines de novo.  United States v. Smotherman, 285 F.3d 1115, 1116 (8th Cir. 2002).  "We review questions of statutory interpretation de novo."  United States v. Milk, 281 F.3d 762, 766 (8th Cir. 2002).  The factual predicate underlying Yates's sentencing application is not in dispute.

### A.     Simple Assault or Something Else

Yates contends the district court erred in applying the "all other cases" portion of 18 U.S.C. § 111(a), as opposed to the simple assault portion which carries a lower statutory maximum sentence.  Section 111 provides three different maximum sentences for forcibly assaulting an officer while the officer is engaged in the performance of official duties.[4]  Where the conduct constitutes only simple assault, the defendant shall be imprisoned not more than one year.  "[I]n all other cases," the defendant shall be imprisoned not more than three years.  18 U.S.C. § 111(a). Section

---

[4]18 U.S.C. § 111 provides:

(a) In general – Whoever –
   (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.

(b) Enhanced penalty. – Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than ten years, or both.

111(b) supplies authority for an enhanced penalty for cases where a defendant uses a dangerous weapon or inflicts bodily injury. In such cases, a defendant may be sentenced to a maximum of ten years imprisonment.

In the Eighth Circuit, we have not yet examined how the penalty provisions of § 111 interrelate. Our sister circuits generally agree that "for practical purposes § 111 creates three distinct categories of conduct: (1) simple assault, which, in accord with the common-law definition, does not involve touching; (2) 'all other cases,' meaning assault that does involve contact but does not result in bodily injury or involve a weapon; and (3) assaults resulting in bodily injury or involving a weapon." United States v. Chestaro, 197 F.3d 600, 606 (2d Cir. 1999) cert. denied, 530 U.S. 1245 (2000); see also United States v. McCulligan, 256 F.3d 97, 102 (3d Cir. 2001); United States v. Campbell, 259 F.3d 293, 296 (4th Cir. 2001); United States v. Ramirez, 233 F.3d 318, 321-22 (5th Cir. 2000).

Relying on these decisions, Yates argues that § 111 creates three mutually exclusive categories of assault: (1) simple assault, (2) assault involving a deadly or dangerous weapon or resulting in bodily injury, and (3) all other cases. Yates contends he cannot be sentenced for assault involving a dangerous weapon because he did not plead guilty to a violation of § 111(b). He also argues that his offense does not fall under the category of "all other cases" because it did not involve physical contact. Pursuant to Yates's process of elimination, the only penalty available under § 111 is the one-year maximum for simple assault.

The first problem with Yates's argument is that it attempts to insert his assault with a dangerous weapon (the truck) into the category of simple assault. We reject this insertion. "In all jurisdictions statutes punish, more severely than simple assault, such aggravated assaults as . . . 'assault with a dangerous [or deadly] weapon.'" Wayne R. LaFave, Austin W. Scott, Jr., Substantive Criminal Law, § 7.16 (1986).

Congress did not define "simple assault" when it added this language to § 111(a) in 1994.[5] We recognize "the settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms." United States v. Shabani, 513 U.S. 10, 13 (1994). "The common law offense of simple assault . . . requires the showing of an offer or attempt by force or violence to do a corporal injury to another." United States v. Bear Ribs, 562 F.2d 563, 564 (8th Cir. 1977). Our sister circuits expressly limit simple assault, in the § 111(a) context, to assaults without physical contact. See, e.g., McCulligan, 256 F.3d at 102-04 (noting common-law assault defined as "attempt or offer to beat another, without touching him," or by "placing of another in reasonable apprehension of a battery") (citing authorities).

Additional limitations are needed in this case to distinguish simple assault from the remaining category of assaults contained in § 111(a), that is, "all other cases." At common law, assault was not defined in gradations because physical contact transformed assault into battery. Id. at 102-03. The language contained in 18 U.S.C. § 113 assists us in limiting simple assault and distinguishing it from other grades of assault. See McCulligan, 256 F.3d at 104 ("The similar language of [§ 113] . . . lends support to the conclusion that 'simple assault' equates with traditional common-law assault."). Section 113 sets forth seven separate types of assault based upon particular characteristics or results. Section 113 creates different penalties for each of the following acts: (1) assault with intent to commit murder; (2) assault with intent to commit any other felony; (3) assault with a dangerous weapon; (4) assault by striking, beating, or wounding; (5) simple assault; (6) assault resulting in serious bodily injury; and (7) assault resulting in substantial bodily injury. 18 U.S.C § 113(a). In 1994, at the same time Congress amended § 111(a), Congress amended

_____

[5]On September 13, 1994, Congress added the following language to § 111(a): "where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, . . . . " Pub.L. 102-322, Title XXXII, § 320101(a)(1), 108 Stat. 2108.

§ 113(a) to include the redesignation of the above subsections. <u>See</u> Sept. 13, 1994, Pub.L. 103-322, Title XXXII, § 170201(c)(4)-(6), 108 Stat. 2042 (amendment also added subsection (7)).

We hold that, in the context of § 111, the definition of simple assault is conduct in violation of § 111(a), which does not involve actual physical contact, a dangerous weapon, serious bodily injury, or the intent to commit murder or another serious felony. We differ from other circuits to the extent they require proof of actual physical contact to sustain a conviction for any crime beyond simple assault under § 111(a). <u>McCulligan</u>, 256 F.3d at 104[6]; <u>but see</u> <u>United States v. Chambers</u>, 195 F.3d 274 (6th Cir. 1999) (sentencing defendant to 21 months under § 111, where defendant had no contact with officers, but appeared to reach for a concealed weapon).

The second problem with Yates's argument is that he attempts to construe forcible assaults "in all other cases" and those assaults incorporated by § 111(b) as mutually exclusive. We conclude they are not. Based on the definition of simple assault, the remaining assaults "in all other cases" would include all conduct excluded from the category of simple assault. The conduct proscribed by § 111(b) does not form a third distinct category, but is a subcategory of the "all other cases" conduct. Our conclusion is supported by the plain language of the statute and the interpretation of the statute both before and after the 1994 amendments.

---

[6]Although Yates contends <u>McCulligan</u> is factually similar, the case has important differences. In <u>McCulligan</u>, the suspect put his vehicle in reverse, in an attempt to flee, causing the vehicle to "fish-tail dangerously," but it did not strike any of the officers. The <u>McCulligan</u> jury specifically found McCulligan guilty under § 111(a), and, in a separate count, not guilty under § 111(b) for using the vehicle as a dangerous weapon. The jury apparently determined the vehicle was only used as a means of escape.

Before the 1994 amendment to § 111(a), we determined, "[t]he statute's force requirement . . . may be satisfied even if the defendant has no physical contact with the officer, as long as his conduct places the officer in fear for his life or safety." United States v. Street, 66 F.3d 969, 977 (8th Cir. 1995) (applying 1988 statute); see also United States v. Fallen, 256 F.3d 1082, 1087-88 (11th Cir. 2001) (applying 1994 statute, upholding § 111(a) conviction for threatening officers with a firearm from behind a door); Chambers, 195 F.3d at 277 (upholding § 111(a) conviction for threatening officers and reaching into his pocket for a firearm). The 1994 amendment does not now require us to compartmentalize those holdings into the category called simple assault.

As before the 1994 amendment, § 111(b) may be applied to defendants found guilty of violating § 111(a) as a sentencing enhancement of up to ten years for those using a weapon or causing bodily injury, although Apprendi changed the method of applying § 111(b). Apprendi requires a jury finding beyond a reasonable doubt of use of a weapon or bodily injury as a predicate for imposing a sentence over three years.

We agree with the district court that Yates's conduct falls within the category of conduct denominated as "all other cases," because the conduct was not a simple assault. A car or truck may be used as a deadly or dangerous weapon. See United States v. Moore, 846 F.2d 1163, 1166 (8th Cir. 1988) (recognizing an automobile may be used as a deadly or dangerous weapon); U.S.S.G. § 2A2.2, cmt. n.1; § 1B1.1, cmt. n.1(d). The undisputed facts identified in the PSR state that Yates accelerated his truck toward the front passenger quarter panel of the marshals' vehicle and that the "deputies swerved away from Yates's vehicle to avoid potentially serious bodily injury or death to themselves." Although there is no written plea agreement, the PSR notes "the parties verbally agreed the maximum penalty is not more than 3 years." Yates made no objection to these facts stated in the PSR.

Yates's forcible assault on the two United States Marshals, using a deadly or dangerous weapon, cannot be a simple assault.  In interpreting § 111, we acknowledge our responsibility to effectuate the Congressional purpose to accord federal officers with maximum protection. United States v. Feola, 420 U.S. 671, 684 (1975).  We conclude, even though Yates's vehicle made no physical contact with the marshals, § 111 does not require that his conduct be penalized as a simple assault. Yates was fortunate the weapon enhancement was not charged, thus saving Yates from a possible sentence of ten years of imprisonment.

## B.    Supervised Release Violation

Yates's final argument is related to and resolved by the foregoing discussion. Yates notes the 18 month consecutive sentence for supervised release violations indicates the district court considered Yates's actions as a Grade A violation rather than a Grade C violation under U.S.S.G. § 7B1.1(a)(1), p.s.[7]  Yates asks that, if we

---

[7]Section 7B1.1(a)(1), p.s. provides:

(a)    There are three grades of probation and supervised release violations:

(1) Grade A Violations--conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

(2) Grade B Violations--conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;

(3) Grade C Violations--conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

(b)    Where there is more than one violation of the conditions of supervision, or the

find Yates's assault was a simple one, a Grade A violation, providing for a term of 18-24 months in custody, did not occur, and he should be sentenced under Grade C, providing a 5-11 month range. Since we find Yates's assault was not a simple assault, the district court did not err in sentencing Yates to 18 months for a Grade A supervised release violation.

## III.    CONCLUSION

Because the facts do not support a finding of simple assault and the district court made no error in interpreting § 111(a), we affirm the sentence imposed by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.