UNITED STATES of America, Plaintiff–Appellee,

v.

Walter THOMPSON, Defendant–Appellant.

No. 03–1666.

United States Court of Appeals, Sixth Circuit.

April 27, 2004.

Diane L. Marion, Patricia G. Gaedeke, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Douglas R. Mullkoff, Ann Arbor, MI, for Defendant–Appellant.

Before: GUY and GILMAN, Circuit Judges; and BARZILAY, Judge.*

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by

## ORDER

Walter Thompson, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In February 2003, a jury convicted Thompson of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, distribution of cocaine in violation of 21 U.S.C. § 841, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The court sentenced him to a total of 140 months of imprisonment.

Thompson has filed a timely appeal, arguing that: 1) the district court improperly admitted cocaine-related evidence; and 2) the district court improperly denied his Rule 29 motion for judgment of acquittal because there was insufficient evidence to support his convictions.

■ Upon review, we conclude that the district court properly admitted the cocaine-related evidence in question. Physical evidence is admissible when the possibilities of misidentification or alteration are "eliminated, not absolutely, but as a matter of reasonable probability." *United States v. McFadden*, 458 F.2d 440, 441 (6th Cir.1972) (quoting *Gass v. United States*, 416 F.2d 767, 770 (D.C.Cir.1969)). Absent a clear abuse of discretion, "challenges to the chain of custody go to the weight of the evidence, not its admissibility." *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir.1990).

A review of the record clearly reflects that the district court did not abuse its discretion when it admitted exhibits 6 and 7 because the witnesses' testimony established a clear chain of custody that eliminated any reasonable probability of mis-

designation.

identification or alteration. During the trial, Officer Johnson testified that he was part of the arrest team, and that he seized cocaine from Thompson and placed it in a sealed envelope bearing tag number 689839. The envelope contained one plastic container with a red cap, 34 small zip-lock bags of crack cocaine, and one large chunk of crack cocaine. Officer Johnson was shown government exhibits 6 and 7, and he testified that he did not recognize the exhibits because his evidence tag number (689839) was not on the exhibits. However, he did state that the container with the red top looked similar to the one he seized. Subsequently, a Detroit Police Department chemist (George Chirackal) testified that he recognized exhibits 6 and 7 by his tag number and signature. He explained that the sealed envelope 689839 (Officer Johnson's tag number) was contained within an envelope labeled 506432, and that the envelope contained a plastic container with a red cap, 34 small zip-lock bags, and a chunk of crack cocaine. He explained that he removed the items for testing and placed all of them in an envelope with the number 505495. That envelope was opened and the drugs were analyzed and then placed in another new envelope labeled 505508. This envelope was opened just prior to trial and analyzed for fingerprints. Afterwards, the plastic container and empty zip-lock bags were placed in another envelope labeled 628217 (the tag number shown to Officer Johnson that he did not recognize), and the drugs were placed in a separate envelope labeled 518283. Chirackal identified all of the exhibits and all the numbers as those that he had used to track the items. In addition, Officer Anthony O'Rourke testified that he had observed Officer Johnson confiscate the crack cocaine, and he identified

the container with the red cap. Finally, Officer David Wilkerson testified that he conducted the preliminary field tests on the drugs confiscated by Officer Johnson, and he testified that he recognized the plastic container with the red top because it was unusual and stuck out in his mind. This testimony was sufficient to establish a foundation for admission of the cocaine-related evidence.

■ We also conclude that the district court properly denied Thompson's Rule 29 motion for a judgment of acquittal. We review de novo a district court's denial of a motion for judgment of acquittal. *United States v. Chambers,* 195 F.3d 274, 276 (6th Cir.1999). "The inquiry is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

The government presented sufficient evidence to support Thompson's convictions for possession with intent to distribute cocaine and distribution of cocaine. The government was required to prove that Thompson knowingly possessed with the intent to distribute a controlled substance and that he distributed a controlled substance. *See, e.g., United States v. Gibbs,* 182 F.3d 408, 424 (6th Cir.1999).

A government witness (Officer Kevin Hanus) testified that he set up a surveillance at 1697 Highland Street, Detroit, Michigan, as part of an investigation into complaints of drug activity at that location. He testified that he observed a drug transaction in the kitchen doorway and advised his crew to move in and make arrests. He testified that the police confiscated crack cocaine in the kitchen and a .22 caliber rifle from behind the kitchen door. Officer Kenneth Johnson testified that he arrested Thompson, who had crack cocaine in his hand at the time of his arrest, and that he detained the female customer who had just left the doorway. Officer O'Rourke testified that he observed Officer Kristopher Richardson confiscate the rifle and that he observed Officer Johnson confiscate the crack cocaine. He also testified that he seized two small zip-lock bags of cocaine from the female customer. This evidence is sufficient to support Thompson's drug convictions.

■ The record also reflects sufficient evidence to support Thompson's conviction for being a felon in possession of a firearm. We draw all available inferences and resolve all issues of credibility in favor of the verdict, and it is not necessary for the court to exclude every reasonable hypothesis but guilt. *United States v. Jones,* 102 F.3d 804, 807 (6th Cir.1996). Circumstantial evidence alone is sufficient to sustain a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt. *Id.* In assessing the sufficiency of the evidence, the court does not weigh the evidence or assess the credibility of the witnesses. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995). Evidence is sufficient to sustain a conviction for being a felon in possession of a firearm where: 1) the defendant previously had been convicted of a crime punishable by imprisonment for a term exceeding one year; 2) the defendant knowingly possessed the firearm; and 3) such possession was in or affecting interstate commerce. *See* 18 U.S.C. § 922(g); *United States v. Moreno,* 933 F.2d 362, 372 n. 1 (6th Cir. 1991). Possession may be either actual or constructive and it need not be exclusive but may be joint. *United States v. Craven,* 478 F.2d 1329, 1333 (6th Cir.1973). Constructive possession, "exists when a person does not have actual possession but instead

knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Moreno*, 933 F.2d at 373.

Here, as stated above, the testimony established that Thompson opened his kitchen door and conducted a drug transaction. Following a search of the kitchen area, the officers discovered cash, cocaine, and a firearm behind the kitchen door. Although a defense witness testified that the gun was recovered from underneath a couch, the jury was free to accept Officer Hanus's testimony that the gun was recovered from the kitchen area. In addition, the officers discovered that Thompson was the sole occupant. Proof that a person has domain over premises is sufficient to establish constructive possession of a firearm where witnesses testified that the person was at the location where drugs were distributed, and a firearm and the drugs were found at the location. *See United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir.1998). Hence, there was sufficient evidence to support Thompson's conviction for being a felon in possession of a firearm because there was evidence that Thompson had the power to exercise control over the firearm.

Accordingly, we affirm the judgment of conviction and sentence.