HELENE N. WHITE, Circuit Judge,
concurring.
I concur in the majority opinion except as to section H.C., concerning Flowers’s acceptance-of-responsibility claim, as to which I concur in the result only. I do not understand the district court to have exercised its discretion under § 3El.l(a), and in exercise of that discretion, to have determined that an adjustment was not warranted. Rather, I understand the court to have determined that § 3El.l(a) did not permit a two-level reduction under these circumstances.[1]
Although there is good reason to question this legal determination,[2] I concur in *67 the affirmance nevertheless because the record of the sentencing proceeding makes clear that the district court was determined to, and did in fact give, Flowers what it felt was appropriate credit for having accepted responsibility for the two drug counts. The Guidelines as calculated yielded a range of 100-125 months, with a mandatory five-year consecutive sentence for the § 924(c) conviction. If the calculations had included a two-level reduction for acceptance of responsibility for the grouped offenses, Flowers’s Guidelines range would have been 84-105 months. Flowers’s counsel argued for an 84-month sentence. In discussing whether to vary from the 100-125-month range, the district court engaged in a thorough examination of the offenses and Flowers’s background, concluding that the sentencing factors would cause it to sentence at the bottom of the guidelines. The court then explained that application of the Guidelines did not result in an appropriate sentence because the calculation did not take into account Flowers’s acceptance of responsibility for Counts 1 and 8. The court then granted a variance that it thought adequately recognized the acceptance of responsibility, and imposed concurrent 92-month sentences for Counts 1 and 8. Because it is clear that the court would have imposed the same sentence without regard to how it scored § 3El.l(a), I concur in the majority opinion.

. Although the majority is correct that the district court’s application of § 3El.l(a) to the specific facts of a case is entitled to "great deference” and reviewed for clear error, it is also indisputably true that we review de novo a district court's interpretation of the Guidelines. United States v. Anglin, 601 F.3d 523, 526 (6th Cir.2010); see also United States v. Tilford, 224 F.3d 865, 867 (6th Cir.2000); United States v. Garrido, 596 F.3d 613, 617 (9th Cir.2010) ("We review de novo whether the district court misapprehended the law with respect to the acceptance of responsibility reduction.”).

. Application note 1(a) provides, "[i]n determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following: truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." (emphasis added). The application notes plainly state that relevant conduct is assessed according to § IB 1.3. In turn, § IB 1.3 provides that relevant conduct for purposes of "adjustments in Chapter Three” shall be determined based on, among other things, "offenses of a character for which § 3D1.2(d) would require grouping of multiple counts.”
Based on the interplay between these provisions, several circuits have held that a district court retains discretion to apply the acceptance-of-responsibility reduction when a defendant pleads guilty to all "grouped” charges but nevertheless contests the factual basis of a § 924(c) charge. See Garrido, 596 F.3d at 619 (9th Cir.2010) ("We join our sister circuits in holding that, where a defendant accepts responsibility for all counts that are grouped under U.S.S.G. §§ 3D1.1-3D1.5, that defendant is eligible for the § 3E1.1 reduction for those counts, even if the defendant has not accepted responsibility for other counts which, under § 3D 1.1(b), are excluded from grouping.”); United States v. Hargrove, 478 F.3d 195, 200 (4th Cir.2007) ("[UJnder the terms of U.S.S.G § 3E1.1, the defendant must only accept responsibility for the grouped guidelines counts in order to be eligible for the reduction in offense level for that particular ‘offense.’”); United States v. Wattree, 431 F.3d 618, 622 (8th Cir.2005), abrogated on other grounds, as stated in United States v. Anderson, 618 F.3d 873, 880 (8th Cir.2010); United States v. Williams, 344 F.3d 365, 380 (3d Cir.2003). Our decision in United States v. Chambers, 195 F.3d 274 (6th Cir.1999) is not contrary to these decisions. In fact, the Chambers court agreed that "U.S.S.G. § IB 1.1 directs courts to group convictions prior to applying an adjustment for acceptance of responsibility.” 195 F.3d at 278-79 (emphasis added). The basic rationale is that the Guidelines dictate that in a multi-count conviction, convictions must be ‘grouped’ before determining the base-offense level. See U.S.S.G. § 3D1.1(a)(1). Specifically excluded from grouping are charges that carry a statutory mandatory-minimum term of imprisonment that runs consecutively to any Guidelines sentence. Id.; § 3Dl.l(b) & cmt. 1. Since the acceptance of responsibility is a two-level reduction in the base-offense level, it makes little sense that the acceptance-of-responsibility determination turn on a non-grouped offense. Because § 924(c) carries an automatic, consecutive mandatory-minimum sentence, it is not grouped and therefore not factored into the base-offense level at all. Thus, the district could have, but was not obliged to, grant a two-level reduction under § 3El.l(a).