ANDRE M. DAVIS, Senior Circuit Judge,
concurring in part and in the judgment.
I am happy to concur in parts I, II.B-D, and III of Judge Moore’s thorough opinion for the panel. As for part II.A, which examines the question of whether the (alternative) requirement of 18 U.S.C. § 111(b), that a dangerous weapon be used in committing an offense under § 111(a), categorically renders a violation of the former a crime of violence under the force clause of § 924(c)(3)(A), I remain dubitante. I cannot say with assurance that the judicial gloss placed on the statutory terms of § 111 by the reasoning in cases such as United States v. Chambers, 195 F.3d 274 (6th Cir. 1999), and, by analogy, United States v. Rede-Mendez, 680 F.3d 552 (6th Cir. 2012), is enough to hold that the statute means what its text does not say.
Put differently, it is unclear to me that the use of a dangerous weapon in “forcibly,” but not “violently,” resisting arrest by an FBI agent, for example, categorically elevates the kind of non-violent force sufficient to satisfy § 111(a) into “violent force” within the meaning of the term as recognized in Supreme Court precedent. See Johnson v. United States, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). Indeed, the jury charge in this very case seems to bear out the quite expansive ambit of the kind of “force!’ that will sustain a conviction under § 111(b). See ante (quoting instruction that jury could convict upon its finding that Rafidi’s conduct “in-clud[ed] any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death regardless of whether the act is carried out or the person is injured” (citation omitted)). Thus, under this approach, pointing a firearm (loaded or not) at a federal law-enforcement officer is the kind of “display of force” that would constitute “violent force.” And yet, as the majority opinion notes, “[n]ot every crime becomes a crime of violence when committed with a deadly weapon.” Ante (quoting Rede-Mendez, 680 F.3d at 558).
My doubts aside, on the basis of binding Circuit precedent, United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016), I concur in the panel’s conclusion that a violation of § 111(b) is an appropriate predicate, but under the “residual clause” of § 924(c)(3)(B).