# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1812
_____

United States of America

*Plaintiff - Appellee*

v.

Debrom B. Kokobu

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 16, 2018
Filed: June 7, 2018
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.[*]

_____

PER CURIAM.

Debrom Kokobu appeals his conviction for one count of simple assault in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506, arguing there was

---

[*]This opinion is being filed by Judge Gruender and Judge Kelly pursuant to 8th Cir. Rule 47E.

insufficient evidence to support his conviction. The district court[1] sentenced him to four months of incarceration, with no supervision to follow. Generally, we review challenges to sufficiency of the evidence de novo, viewing the evidence "in the light most favorable to the jury's verdict." United States v. Calhoun, 721 F.3d 596, 599 (8th Cir. 2013). Here, because Kokobu did not move for judgment of acquittal on the charge for which he was convicted, we review only for plain error. Id. at 600. The testimony at trial showed that—after an initial physical altercation between Kokobu and his girlfriend aboard a Delta Airlines flight—Kokobu roughly put his hands on her and grabbed her jacket while she was visibly upset and crying. This conduct formed the factual basis for the charge of simple assault.

Section 113(a) does not define the term "simple assault." United States v. Watts, 798 F.3d 650, 652 (7th Cir. 2015). Although we typically assume, "absent contrary indications," that Congress intended to adopt the common law definition of a crime, circuit precedent on this particular statute is not so clear. United States v. Chipps, 410 F.3d 438, 448 (8th Cir. 2005) (quoting United States v. Shabani, 513 U.S. 10, 13 (1994)). "We have made apparently divergent statements about whether Congress intended to equate the term 'simple assault' in § 113(a)(5) with common-law assault." Id. (comparing United States v. Whitefeather, 275 F.3d 741, 743 (8th Cir. 2002), with United States v. Yates, 304 F.3d 818, 822 (8th Cir. 2002)). We need not resolve this issue here, however, because Kokobu expressly asserts that the jury was "properly instructed" on the definition of assault. The district court instructed that, "'assault' . . . means any intentional and voluntary attempt or threat to do injury to another person, when coupled with the present ability to do so sufficient to put that other person in fear of immediate bodily injury." For purposes of this appeal, we accept this definition. Cf. Yates, 304 F.3d at 818 ("The common law offense of

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

simple assault requires the showing of an offer or attempt by force or violence to do a corporal injury to another." (cleaned up)).

The evidence in this case satisfies this definition of assault. Drawing all reasonable inferences in favor of the verdict, as we must, a jury could find that Kokobu's behavior, in grabbing and touching his girlfriend when she was visibly upset, tearful, and clearly not wanting physical contact with him, communicated a threat to do bodily injury to her. Particularly when coupled with evidence that Kokobu had forcefully placed his arm around her neck moments earlier—even if this evidence did not support a finding beyond a reasonable doubt that Kokobu committed an assault by strangulation—a reasonable jury could infer that this conduct was intentional, voluntary, and threatening, and that Kokobu's girlfriend was "in fear of immediate bodily injury." The district court did not plainly err in failing to sua sponte grant Kokobu judgment of acquittal on this count.

The judgment of the district court is affirmed.

_____