**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

VINCE P. GARRIDO,
          *Defendant-Appellant.*

No. 08-10398

D.C. No.
1:07-CR-00074-1

OPINION

Appeal from the United States District Court
for the District of Guam
Frances M. Tydingco-Gatewood
Chief District Court Judge, Presiding

Submitted February 10, 2010*
Honolulu, Hawaii

Filed February 25, 2010

Before: Jerome Farris, Dorothy W. Nelson and
Carlos T. Bea, Circuit Judges.

Opinion by Judge D.W. Nelson

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Myra D. Mossman, Santa Barbara, California, for the defendant-appellant.

Rosetta L. San Nicolas, Hagatna, Guam, Assistant United States Attorney, for the plaintiff-appellee.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Vince P. Garrido appeals his conviction for Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Garrido contends that the district court erred when it admitted lay witness testimony that Garrido carried a gun during the robbery, and when it denied his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 based on the sufficiency of evidence. Garrido also appeals the district court's conclusion that he was ineligible for a reduction of sentence for acceptance of responsibility because he did not plead guilty to all charges. Although we affirm the judgment of conviction, we hold that the district court erred when it concluded that it had no legal authority to

consider a reduction for acceptance of responsibility after Garrido failed to plead guilty and contested the charge that he used and carried a firearm in violation of 18 U.S.C. § 924(c). Therefore, we vacate the district court's sentence and remand for resentencing.

I

Just after 2:00 a.m. on the morning of March 22, 2007, Vince P. Garrido robbed the House of Liberty game room in Dededo, Guam. Security Guard Philip Sablan, a childhood friend, recognized Garrido as he got out of a car, pulled a ski mask over his face and pointed a gun at Sablan. The driver also got out of the car and pointed a gun at Sablan. Both Garrido and the driver threatened to kill Sablan. The assailants proceeded to enter the game room, threaten its occupants, and order everyone to lie on the floor. The driver handcuffed Sablan, and Garrido pointed his gun at Joshua Ninete, the cashier. They took money from the cashier's booth and then walked out of the game room. Sablan, Ninete, and four customers were present. The customers left before the police arrived.

Garrido was arrested at a hotel twenty hours after the robbery. He admitted that he committed the robbery and refused to name the driver that accompanied him during the robbery. Garrido was indicted for one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

At trial, Sablan testified that when Garrido first approached him, Garrido held a gun within one to two feet of Sablan's face. Sablan testified that Garrido's gun looked like a nine millimeter gun, the same type of gun that Sablan once owned. Sablan also testified that while Garrido pointed his gun at the cashier, the driver pressed a gun against Sablan's neck, and he was able to feel the cold metal behind his right ear. Sablan

testified that both guns were real. Ninete testified that both Garrido and the driver carried a gun. The gun came within one foot of his face, and he testified that the gun looked real. The robbery was captured on videotape and the video was admitted into evidence. Defense counsel filed timely motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. On November 20, 2007, after a four-day trial, the jury found Garrido guilty of both counts.

At sentencing, Garrido requested a reduction for acceptance of responsibility. During the sentencing hearing, the district court noted that, though Garrido made an effort to plea to the robbery count, he did not enter a guilty plea on the firearm count and, thus, he did not truthfully admit the conduct comprising all of the offenses. The district court stated, "after reading [*United States v. Ginn*, 87 F.3d 367 (9th Cir. 1996)] and the Guidelines Manual, it appears to me that the defendant has to have affirmatively entered a guilty plea." After stating that there was no case law indicating otherwise, the district court concluded "that the acceptance of responsibility reduction is not allowed." The district court sentenced Garrido to 130 months in prison.

Garrido brought this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

**[1]** We reject Garrido's argument that the district court erred under Federal Rules of Evidence 701 and 702 by allowing lay witnesses to testify that Garrido used a gun during the robbery. "The District Court's construction or interpretation of either a statute or the Federal Rules of Evidence, including whether particular evidence falls within the scope of a given rule, is subject to *de novo* review." *United States v. Durham*, 464 F.3d 976, 981 (9th Cir. 2006). "Once it has been determined that challenged evidence falls within the scope of a

given rule, the District Court's decision to admit the evidence is reviewed for abuse of discretion." *Id*.

**[2]** Security guard Philip Sablan and the cashier Joshua Ninete testified as to their observations of Garrido's gun. The testimony was "predicated upon concrete facts within their own observation and recollection." *Durham*, 464 F.3d at 982 (quoting *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982)). They did not have to be experts or have training in weapons identification to testify about what they saw. The district court did not err by permitting these lay witnesses to testify that Garrido carried a gun. *See United States v. Liles*, 432 F.2d 18, 19-20 (9th Cir. 1970).

### III.

**[3]** We also reject Garrido's claim that there was insufficient evidence to sustain the conviction under 18 U.S.C. § 924(c). We review sufficiency of evidence claims de novo. *United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir. 1999). We "review this claim to determine whether any 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Westerdahl*, 945 F.2d 1083, 1088 (9th Cir. 1991) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Possession of a toy or replica gun cannot sustain a conviction under § 924(c)." *Id*.

**[4]** The evidence at trial supports the jury's conclusion that Garrido had a gun during the robbery. The robbery was captured by video surveillance showing masked men holding guns. This two-minute video was entered into evidence. Two eyewitnesses testified that Garrido had a gun. One of those witnesses, security guard Philip Sablan, came within one to two feet of the gun. He was able to describe the gun and testified that he once owned a gun similar to the weapon Garrido was holding. This evidence, viewed in the light most favorable to the government, is sufficient for a rational juror to conclude that Garrido used a firearm in furtherance of a crime

of violence in violation of 18 U.S.C. § 924(c). *See Wester-dahl*, 945 F.2d at 1088.

## IV.

"We review de novo whether the district court misapprehended the law with respect to the acceptance of responsibility reduction." *United States v. Cortes*, 299 F.3d 1030, 1037 (9th Cir. 2002). Whether or not the defendant has accepted responsibility for his crime is a factual finding that we review for clear error. *United States v. McKinney*, 15 F.3d 849, 852 n.6 (9th Cir. 1994).

**[5]** Garrido asserts that the district court erred when it did not grant him a two-level reduction for acceptance of responsibility. The United States Sentencing Guidelines provide for a two-point reduction in a defendant's offense level where a defendant clearly demonstrates acceptance of responsibility for his offense. U.S.S.G. § 3E1.1(a) (2007). To determine whether a defendant qualifies for a reduction, the district court may consider whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable . . ." U.S.S.G. § 3E1.1, cmt. n.1(a) (2007). This is a factual determination within the district court's discretion that "is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n.5 (2007).

**[6]** Garrido did not have to plead guilty to be eligible for a reduction for acceptance of responsibility. *See United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2002) ("Although a guilty plea is undoubtedly significant evidence of an acceptance of responsibility, if [the defendant] otherwise demonstrated sincere contrition, he remains eligible for the reduction."); *McKinney*, 15 F.3d at 854 (stating that the defendant was eligible for a reduction even though he pled not guilty to a conspiracy charge because he accepted responsibility for *his own* conduct). The Sentencing Guidelines state that

the reduction is not intended for a defendant who does not admit guilt or express remorse until after putting the government to its burden of proof at trial. U.S.S.G. § 3E1.1, cmt. n.2 (2007). The Guidelines also state, however, that "[c]onviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction" where, for example, the defendant goes to trial to challenge the constitutionality of a statute or the application of a statute to her or his conduct. *Id.* We have recognized that this example is not exhaustive. *McKinney*, 15 F.3d at 853 ("Although the application notes list only this single example of a case where a defendant can receive the reduction despite going to trial, the quoted passage itself makes clear that the example was not intended to be exhaustive."). If Garrido manifested the appropriate contrition, the reduction is available. *Id.* ("[I]n appropriate circumstances the reduction is . . . available in cases in which the defendant manifests genuine contrition for his acts but nonetheless contests his factual guilt at trial.").

**[7]** In this case, Garrido confessed to committing the robbery, and tried to plead guilty to that charge. The district court may take that into consideration. It can also consider that Garrido did not plead guilty and put the government to its burden of proof at trial on both counts of conviction. *Cortes*, 299 F.3d at 1038. It appears that the district court did not reach the factual determination, and concluded instead that the fact that Garrido had not pled guilty to all charges was dispositive. We now turn to whether Garrido was ineligible for a reduction for acceptance of responsibility because he challenged the factual elements of the second charge, using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).

## V.

The Sentencing Guidelines instruct courts to first identify groups of closely related counts and then determine the offense level applicable to each group. U.S.S.G. § 3D1.1(a) (2007). Then, those groups are themselves grouped to deter-

mine a combined offense level (§§ 3D1.1(a)(3), 3D1.4) that will be used to determine the sentence applicable to each count (§ 3D1.5). However, where a statute specifies a term of imprisonment to be imposed, and that term is to run consecutively to any other term, that count is not to be grouped with other counts. U.S.S.G. § 3D1.1(b)(1) (2007). Counts that are grouped are treated as a single offense for the purposes of the guidelines. U.S.S.G. § 3D, introductory cmt. (2007).

18 U.S.C. § 924(c) is specifically identified as a charge that is not to be grouped. U.S.S.G. § 3D1.1, cmt. n.2 (2007). This is because § 924(c) specifies a mandatory minimum sentence of seven years' imprisonment that is to run consecutively to any other term of imprisonment. Thus, under the guidelines, it is not considered the same offense of conviction as a robbery charge. Instead, in the instant case the § 924(c) conviction contributes zero points to the offense level and no combined guidelines sentence is calculated. As a practical matter, when a defendant accepts responsibility for § 924(c), the defendant does not receive a reduction in his sentence for that count.

**[8]** Citing *United States* v. *Ginn*, 87 F.3d 367 (9th Cir. 1996), the government contends that Garrido had to accept responsibility for each count in the indictment to qualify for a reduction in his sentence for acceptance of responsibility. In *Ginn*, the defendant pled guilty to one robbery but contested the charge of a second robbery, forcing the government to meet its burden of proof at trial. *Ginn*, 87 F.3d at 368. The defendant asserted that he was entitled to a reduction in his sentence for acceptance of responsibility for one of the robberies. *Id*. at 370. We held that "a defendant is not entitled to an adjustment when he does not accept responsibility for all of the counts of which he is convicted." *Id*. We reasoned that "[b]ecause an adjustment for acceptance of responsibility is made only *after* the combined offense level is computed, the Sentencing Guidelines do not contemplate calculating acceptance of responsibility for each offense." *Id*. at 371 (citations

and quotations omitted) (emphasis added). In *Ginn*, the robberies could be grouped, and only after the combined offense level was calculated could the court consider an adjustment for acceptance of responsibility. *Id.* We concluded that permitting Ginn to "receive a benefit on his offense level for both robberies even though he accepted responsibility for only one robbery" would be "contrary to the intent of the Sentencing Guidelines." *Id.* Unlike the defendant in *Ginn*, the defendant here sought a reduction for the robbery charge, which could not be grouped with the § 924(c) charge that he contested. Therefore, no combined offense level was ever calculated, and it was possible to calculate acceptance of responsibility for each separate offense.

**[9]** Our sister circuits have held that a district court retains discretion to apply the acceptance of responsibility reduction when the defendant seeks the reduction for one charge after contesting the factual elements of a § 924(c) charge. *See United States v. Williams*, 344 F.3d 365, 381 (3rd Cir. 2003) ("[W]here the counts are not grouped and credit may be granted to them separately, there is no error when the District Court grants the reduction as to a count that the defendant did not challenge."); *United States v. Hargrove*, 478 F.3d 195, 200 (4th Cir. 2007) ("[U]nder the terms of U.S.S.G. § 3E1.1, the defendant must only accept responsibility for the grouped guidelines counts in order to be *eligible* for the reduction in offense level for that particular 'offense.' "); *United States v. Wattree*, 431 F.3d 618, 622-23 (8th Cir. 2005) ("Where a defendant pleads guilty to all counts that are grouped for sentencing, contesting guilt only on non-grouped offenses, the guidelines do permit a two-level acceptance-of-responsibility reduction, based on the totality of the circumstances.").

**[10]** We join our sister circuits in holding that, where a defendant accepts responsibility for all counts that are grouped under U.S.S.G. §§ 3D1.1-3D1.5, that defendant is eligible for the § 3E1.1 reduction for those counts, even if the defendant has not accepted responsibility for other counts

which, under § 3D1.1(b), are excluded from grouping. Although Garrido challenged the 18 U.S.C. § 924(c) charge, such challenge does not disqualify him from the § 3E1.1 sentence reduction for the 18 U.S.C. § 1951 Hobbs Act Robbery charge, because that charge was not "grouped" with the § 924(c) charge. *See* U.S.S.G. § 3D1.1(b). Thus, under the guidelines, each sentence was calculated separately, and the § 3E1.1 reduction applies separately.

Here, the district court retained discretion to consider whether Garrido qualified for a reduction. Garrido did not have to plead guilty as long as he manifested the appropriate contrition. Even if he did not accept responsibility for the § 924(c) charge, that did not automatically disqualify Garrido for a reduction on the robbery charge, and the district court had the legal authority to consider Garrido's eligibility for a reduction of sentence for acceptance of responsibility for the robbery.

**[11]** The district court implied that it could not consider Garrido's eligibility for a reduction because Garrido did not plead guilty and because he contested the § 924(c) charge. It indicated both that Garrido "did not truthfully admit the conduct comprising all of the offenses," and, citing the *Ginn* case, "that the defendant has to have affirmatively entered a guilty plea." To the extent that the district court believed that Garrido had to affirmatively enter a guilty plea on all of the offenses to be eligible for a reduction, it committed legal error. We therefore find it appropriate to vacate the district court's order and remand to the district court for resentencing. Upon resentencing, the district court should take into account the appropriate considerations pursuant to the sentencing guidelines. U.S.S.G. § 3E1.1, cmt. n.1(a) (2007). We express no view on the merits of Garrido's motion.

The government's motion to strike portions of Garido's opening brief and any related filings is denied as moot.

**AFFIRMED** in part; **SENTENCE VACATED** and **REMANDED**.