FILED

MAY 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30371 |
| Plaintiff-Appellee, | D.C. No. CR-09-39-GF-SEH |
| v. | |
| LEON BOYD MESSERLY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 4, 2010[**]
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and MILLS, District Judge.[***]

Leon Boyd Messerly appeals the district court's denial of his motion for a

judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

He contends that the Government failed to present sufficient evidence to support his conviction for assault with a dangerous weapon. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

A claim that there was insufficient evidence to obtain a conviction is subject to de novo review. *United States v. Garrido*, 596 F.3d 613, 617 (9th Cir. 2010). We must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In reviewing de novo the denial of the Defendant's Rule 29 motion, the test to be applied is the same as a challenge based on the sufficiency of the evidence. *See United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994).

Messerly contends that the Government failed to establish two of the elements necessary to sustain a conviction under 11 U.S.C. §§ 1153(a) and 113(a)(3). First, it failed to establish that Messerly assaulted the victim by intentionally striking her. Additionally, Messerly alleges that the Government did not prove that he acted with the specific intent to do bodily harm.

Regarding Messerly's first argument, the victim's account of the attack was supported by sufficient evidence, including testimony from the victim that she saw Messerly striking her, from the emergency room doctor concerning the nature of her wounds, and from the DNA expert that blood containing the victim's DNA was found

2

on Messerly's pants and shirt, which is consistent with the victim's testimony regarding how she was attacked. There is ample evidence from which a rational trier of fact could have found that Messerly assaulted the victim by intentionally striking her. *See Jackson*, 443 U.S. at 319.

Messerly also argues that he could not have formed the requisite specific intent because he consumed a large amount of whiskey prior to the attack. Although voluntary intoxication can be a defense to assault with a deadly weapon, a specific intent crime, *see United States v. Jim*, 865 F.2d 211, 212 (9th Cir. 1989), we conclude that sufficient evidence was presented which tended to show that Messerly was capable of formulating the specific intent. Messerly was able to respond to questions from law enforcement soon after the assault. Moreover, unlike his friend who also had been drinking whiskey, Messerly was able to get up and walk without assistance in the presence of the investigating officers. When viewed in a light most favorable to the Government, the evidence establishes that Messerly was sufficiently coherent to form the specific intent to attack the victim.

Because sufficient evidence supported Messerly's conviction for assault with a dangerous weapon, the district court committed no error in denying his motion under Rule 29.

**AFFIRMED.**