**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10316 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00265-KJM |
| v. | |
| ROBERTO SOLIS-CABRALLES, a.k.a. David Contreras, a.k.a. Javier Zasueta, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Roberto Solis-Cabralles appeals from the district court's judgment and

challenges the 77-month sentence imposed following his jury-trial conviction for

two counts of being a deported alien found in the United States, in violation of 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Solis-Cabralles contends that the district court erred by denying him a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), because his pre-trial statements demonstrated his acceptance of responsibility. The parties dispute the standard of review that applies to this claim. Contrary to Solis-Cabralles's argument, the district court did not misapprehend the law with respect to the adjustment for acceptance of responsibility. We therefore review the district court's finding that Solis-Cabralles did not accept responsibility for his offense for clear error. *See United States v. Garrido*, 596 F.3d 613, 617 (9th Cir. 2010).

The district court considered Solis-Cabralles's pre-trial statements but denied the adjustment based on the record as a whole, including Solis-Cabralles's conflicting statements to immigration authorities and his suggestion that his presence in the United States was involuntary. The district court did not clearly err in denying the adjustment. *See United States v. Molina*, 596 F.3d 1166, 1169-70 (9th Cir. 2013).

**AFFIRMED.**