FILED

**NOT FOR PUBLICATION**

DEC 14 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUGH LESLIE BARAS,

Defendant - Appellant.

No. 14-10396

D.C. No. 4:11-cr-00523-YGR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before: PAEZ, CLIFTON, and OWENS, Circuit Judges.

Hugh Baras appeals his jury conviction and sentence for theft of

Government property, in violation of 18 U.S.C. § 641, and five counts of tax

evasion, in violation of 26 U.S.C. § 7201.  We affirm.

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not violate Baras's right to present a defense and did not abuse its discretion by excluding evidence of Baras's belated tax payments. Baras's defense was only limited in that he could not attempt to prove his medication-induced diminished capacity defense through evidence of belated payment of taxes. Evidence of late tax payments made while awaiting prosecution is irrelevant. *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004). Were the rule otherwise, tax evaders could attempt to "avoid criminal prosecution simply by paying up after being caught." *Id*. Excluding evidence under Fed. R. Evid. 403, in this instance evidence regarding belated payment of taxes, is permitted to avoid a risk of confusing the issues and confusing the jury. *See Holmes v. South Carolina*, 547 U.S. 319, 326 (2006).

Although the facts in the current case are not identical to the facts in *Pang* or other cases relied upon by the district court, Baras has not established that the factual differences justify a contrary result. Evidence of late tax payments is not particularly probative that Baras's prior failure was the result of medication.

The Government did not commit prejudicial misconduct by offering new arguments in rebuttal. By arguing that Baras's home was still in disrepair, the Government was responding to Baras's defense that his mental capacity had been temporarily affected by medications. The argument regarding Baras's opportunity

2

to avoid taxes was included in opening statements when the Government discussed Baras's receipt of W-2 forms by his employers.

The jury instructions encompassed Baras's mental disorder defense. "[I]t is not reversible error to reject a defendant's proposed instruction . . . if other instructions, in their entirety, adequately cover that defense theory." *United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990), *overruled on other grounds by Dixon v. United States*, 548 U.S. 1 (2006). The instructions stated that the jury could acquit if it found that Baras suffered from diminished capacity as a result of prescription drugs. An added reference to Baras's alleged mental disorder would not have meaningfully furthered this defense because the mental disorder defense was based on Baras's use of medications.

We find highly troubling the treatment by the U.S. Attorney's Office of the contacts and attempted contacts by a juror with an assistant U.S. Attorney. We are surprised both that the assistant U.S. attorney who was the target of the contacts did not promptly notify his superiors or those in the office responsible for the prosecution of this case, and that those responsible did not promptly notify the district court and defense counsel. A delay of six weeks is especially hard to understand, and we advise the office that it would be prudent to treat any such episode in the future differently. Nonetheless, we agree with the assessment of the

3

district court that Baras was not prejudiced and that a new trial was not required. Juror misconduct has been held to warrant reversal in cases involving "*extended* external influences on jurors or confirmed juror *bias*," neither of which is present here. *Henry v. Ryan*, 720 F.3d 1073, 1086 (9th Cir. 2013) (emphasis in original). While the juror did disobey the court's instruction to refrain from communicating with anyone, the juror's communications were fairly found to have been innocuous and unrelated to the merits of the case.

The evidence at trial did not constructively amend the indictment, nor did it improperly vary from the allegations in the indictment. The indictment did not specify a particular theory of tax evasion. In any event, the evidence of Baras's failure to report the coin sales was properly introduced as probative of his intent, not as an independent basis for his conviction.

The district court correctly declined to group the two sets of offenses against the IRS and the Social Security Administration, under U.S.S.G. § 3D1.2, because the offenses represented two separate and distinct harms. They also involved distinctly different conduct. Although both the IRS and the SSA are part of the federal government, they are separate agencies and were victimized in different ways.

4

The district court did not err in holding that Baras's payments did not require an acceptance of responsibility reduction. Whether Baras accepted responsibility for his crime was a factual finding that this court reviews for clear error. *United States v. Garrido*, 596 F.3d 613, 617 (9th Cir. 2010). There was no clear error here. Baras disputed his guilt and did not demonstrate contrition.

The district court did not err in ordering forfeiture of funds. Criminal forfeiture is separate from restitution, which serves an entirely different purpose. Accordingly, this court has held that "defendants may be required to pay restitution and forfeit the same amounts." *United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (quotation omitted). This is especially true in cases in which "a defendant is convicted of a crime that provides for forfeiture as part of the penalty." *United States v. Carter*, 742 F.3d 440, 446 (9th Cir. 2014).

**AFFIRMED.**