UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10416 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-08300-DLR-1 |
| v. | District of Arizona, Prescott |
| LOUIE JOSYTEWA, | |
| Defendant-Appellant. | ORDER |

Before:   HAWKINS, BEA, and BUMATAY, Circuit Judges.

The memorandum disposition filed in this case on March 30, 2021, is amended by the attached memorandum disposition.   With this amended memorandum disposition, the panel has unanimously voted to deny Louie Josytewa's petition for panel rehearing.   The panel modifies the memorandum to review the district court's admission of testimony regarding the details of the sexual conduct that preceded Josytewa's confession to a 1991 sexual assault for abuse of discretion instead of plain error.

The panel will not allow future petitions for rehearing from the amended memorandum disposition.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> LOUIE JOSYTEWA, <br><br> Defendant-Appellant. | No. 19-10416 <br><br> D.C. No. <br> 3:18-cr-08300-DLR-1 <br><br><br> AMENDED <br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted March 1, 2021
Phoenix, Arizona

Before: HAWKINS, BEA, and BUMATAY, Circuit Judges.

Louie Josytewa appeals his conviction for abusive sexual contact with a

child and committing an offense as a registered sex offender for molesting by

touching seven-year-old K.A. over her clothes at a family party in 2016 ("the 2016

assault"). 18 U.S.C. §§ 1153, 2244(a)(5), 2246, and 2247 (abusive sexual contact

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

with a child); 18 U.S.C. § 2260A (offense by registered sex offender). Josytewa argues under Fed. R. Evid. 403 that the district court erred in admitting testimony regarding the details of the sexual conduct that preceded Josytewa's confession to a 1991 sexual assault ("the 1991 assault"), in admitting testimony regarding his status as a sex offender, and by giving the jury an impermissibly coercive *Allen* charge.[1] He asserts that the cumulative effect of these errors deprived him of a fair trial. We affirm.

## A. Challenged Testimony

Josytewa objected to the admission of the testimony regarding the 1991 assault at trial, so this Court reviews the district court's admission of the testimony for abuse of discretion. *United States v. Garrido*, 596 F.3d 613, 616 (9th Cir. 2010). In sexual assault cases, Rule 414 permits the admission of evidence of prior sexual assaults. Fed. R. Evid. 414(a). "The evidence may be considered on any matter to which it is relevant." *Id.*

Under the *LeMay* factor test, this Court considers a non-exhaustive list of factors when evaluating evidence of prior sexual assault under Rule 403, including the "similarity of the prior acts to the acts charged," the "frequency of the prior acts," and the "necessity of the evidence beyond the testimonies already offered at trial." *United States v. LeMay*, 260 F.3d 1018, 1027–28 (9th Cir. 2001).

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).

2

Ultimately, the question is whether the district court exercised its "discretion . . . in a careful and judicious manner." *Id.* Due to the similarity of the 1991 assault to this case, evidence of a third incident involving three children before the 1991 assault, and testimony that Josytewa did not have the opportunity to commit the 2016 assault, the district court exercised its "discretion . . . in a careful and judicious manner." *LeMay*, 260 F.3d at 1027–28. Accordingly, the district court did not abuse its discretion when it admitted the testimony regarding the 1991 assault.

Because Josytewa did not object to the admission of the compliance specialist's testimony regarding his sex offender status, it is reviewed for plain error. *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011). Under this standard, reversal is warranted "only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." *United States v. Bryan*, 868 F.2d 1032, 1039 (9th Cir. 1989) (citation omitted); *see also United States v. Olano*, 507 U.S. 725, 732 (1993). K.A. testified about the 2016 assault and identified Josytewa as the perpetrator. The Government also played part of Josytewa's confession to that offense, in which he admitted to touching K.A.'s "vagina" because he "[j]ust wanted to touch it," and K.A.'s mother testified to K.A.'s changed behavior immediately after the assault and the fact that at the party she switched couches away from Josytewa. For these

3

reasons, as well as the fact that Josytewa stipulated to his status as a sex offender before trial, the admission of the compliance specialist's testimony regarding that status was not plain error.[2]

## B. The *Allen* Charge

Josytewa asserts that the district judge implied that the jurors were required to reach a verdict when, in the context of discussing scheduling, he asked that if they did not "have a verdict by 4:30 this afternoon, [that they] recess and come back tomorrow at 9:00." Josytewa did not object to these remarks, which the judge made immediately after he told the jurors that they "should not change an honest belief . . . for the mere purpose of returning a verdict."

Within minutes, the judge called the jury back to clarify that he "didn't mean to leave the impression that you have to reach a verdict . . . . [I]f you don't reach a verdict, then you'll let us know . . . . [Y]ou're not going to be held here forever." Because of this almost immediate clarification, there is not a high probability that any error materially affected the verdict. *United States v. Berger*, 473 F.3d 1080, 1090–91 (9th Cir. 2007) (finding no coercion when the court took hours to provide an "adequate counterbalance" to the "so-called" *Allen* charge). Moreover, after the challenged remarks, the jury deliberated for a significant portion of its total

---

[2] The Government asserts that the parties stipulated to the testimony of one witness in this regard, but there is no evidence of this in the record.

time—another hour and a half on top of approximately three hours by that point. *United States v. Hernandez*, 105 F.3d 1330, 1334 (9th Cir. 1997) (holding that forty minutes of deliberation after *Allen* charge was "not so short as to raise the specter of coercion," especially because the jury had already deliberated for four and a half hours).

Accordingly, reversal is not warranted for any of the district court's alleged errors. Thus, the decision of the district court is **AFFIRMED.**