NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10286 |
| Plaintiff-Appellee, | D.C. No. 1:21-cr-00042-JLT-SKO-1 |
| v. | |
| CHARLES PORTER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted August 21, 2024
San Francisco, California

Before:  BERZON, BRESS, and VANDYKE, Circuit Judges.

Charles Porter appeals his convictions for various sexual assault offenses within the territorial jurisdiction of the United States after he tried to rape T.D., a male acquaintance, in Yosemite National Park.  *See* 18 U.S.C. §§ 113(a)(1)–(2), 113(a)(4), 2241(a)(1), 2244(b).  Porter argues that the district court erred in admitting the testimony of Porter's former girlfriend, A.H., under Federal Rule of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Evidence 413. Under Rule 413, "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault."

We review de novo "whether particular evidence falls within the scope of a given rule." *United States v. Garrido*, 596 F.3d 613, 616 (9th Cir. 2010) (quoting *United States v. Durham*, 464 F.3d 976, 981 (9th Cir. 2006)). But "a district judge's ruling under Rule 403 that evidence is more probative than prejudicial is reviewed for an abuse of discretion." *United States v. Lemay*, 260 F.3d 1018, 1024 (9th Cir. 2001). In a concurrently filed opinion, we hold that Rule 413 is not facially unconstitutional under the Fifth Amendment's Due Process Clause. In this memorandum disposition, we affirm the district court's application of Rules 413 and 403 to Porter.

To begin, A.H.'s testimony fell within the scope of Rule 413 because Porter was charged with sexual assault offenses and A.H. testified that Porter had sexually assaulted her during their relationship. As the district court concluded, a jury could find by a "preponderance of the evidence" that Porter sexually assaulted A.H. *See United States v. Norris*, 428 F.3d 907, 913–14 (9th Cir. 2005) (quoting *Huddleston v. United States*, 485 U.S. 681, 690 (1988)). Although Porter argues that his relationship with A.H. was consensual and that A.H.'s accusations were not corroborated, A.H. testified in some detail how Porter had frequently engaged in

forcible nonconsensual sex with her, including anal sex, over her objections. Based on this record, the jury could have found by a preponderance of the evidence that Porter sexually assaulted A.H.

Even if evidence falls within Rule 413, as here, the district court must still evaluate whether its probative value is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403; *Lemay*, 260 F.3d at 1027. We have directed that district courts should consider the following five non-exclusive factors in conducting this Rule 403 analysis: (1) "the similarity of the prior acts to the acts charged," (2) the "closeness in time of the prior acts to the acts charged," (3) "the frequency of the prior acts," (4) the "presence or lack of intervening circumstances," and (5) "the necessity of the evidence beyond the testimonies already offered at trial." *Lemay*, 260 F.3d at 1028 (quoting *Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)). "Prior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*." *Id.* at 1029.

The district court did not abuse its discretion in conducting the Rule 403 analysis. The court acknowledged some differences between Porter's assaults on T.D. and A.H., as well as the fact that A.H. did not report Porter's conduct to authorities at the time. But the court also evaluated the five non-exclusive factors and the circumstances as a whole, and it reasonably concluded that Rule 403 did not

3

warrant exclusion of A.H.'s testimony.

Among other things, the district court observed, "the acts of sexual assault about which A.H. would testify are substantially similar to those alleged by victim T.D," involving "parallel accusations of strangulation, biting, and anal penetration (or attempted anal penetration) without consent." The district court also considered that the assaults on A.H. and T.D. were sufficiently close in time, Porter had frequently assaulted A.H. during their relationship, there were no intervening circumstances, and A.H.'s testimony could corroborate T.D.'s account, of which there were no other direct witnesses. The district court conscientiously evaluated A.H.'s proposed testimony under Rule 403, and we cannot say that its determination to allow A.H. to testify was an abuse of discretion.

Nor did the district court permit the government to denigrate Porter for his sexual preferences, as Porter contends. Instead, the government introduced A.H.'s testimony to demonstrate Porter's propensity to commit nonconsensual sexual acts, which Rule 413 permits. The risk of unfairness was further mitigated by the district court's instruction to the jury that it "may not convict the defendant simply because he may have committed other unlawful acts." *See Lemay*, 260 F.3d at 1028 (citing a similar instruction as indication that the district court "exercised his discretion to admit the [propensity] evidence in a careful and judicious manner").

**AFFIRMED.**

4